### JAS. H. HARRISON v. VILLAGE OF SABINA.

1. MORTGAGEE IS ENTITLED TO NOTICE OF THE PROCEEDING.

   In proceedings by a municipal corporation to appropriate private property for a street under section 2237, Rev. Stat., a mortgagee whose mortgage is duly recorded, is an "*owner*" within the meaning of that act, and entitled to notice of the pendency of such proceeding.

2. MORTGAGEE WITHOUT NOTICE MAY RECOVER OF MUNICIPALITY.

   If any of the property so mortgaged be appropriated without notice to the mortgagee, he may maintain an action against the municipal corporation to recover damages for the conversion.

ERROR to the court of Common Pleas of Clinton county.

Cox, J.

In the court below, James H. Harrison brought an action to recover damages from the incorporated village of Sabina, for injuries sustained by him in converting and taking possession by said village of certain real estate therein, on which he held two mortgages. He averred that the mortgages were given to him by D. H. Harrison—one in April, 1872, and the other in July, 1876—and each, on being given, was duly recorded in the recorder's office of Clinton county; that said mortgages became absolute by the non-payment of the debt, and he began a suit to foreclose the same, and afterwards, on the 15th of July, 1878, purchased the property at judicial sale, and a deed was duly made to him.

That there was a loss to him of $2,000 on his debt; that to secure himself he was compelled to purchase the property. That after said purchase and deed to him, the village entered on said property, tore down his wood-house and fencing, and cut a street fifty feet in width through the entire length of two lots, and ten feet off the entire length of another, and has appropriated the same to itself. To this petition the defendant answers, setting up that one D. H. Harrison was the owner of the property in November, 1877. That proceedings were then instituted in the village council to appropriate the property for the purpose of a street, and that subsequent proceedings were instituted in November, 1877, in the probate court of said county, to condemn the same, and that D. H. Harrison, the mortgagor and owner of the fee, was duly notified and appeared, and was awarded damages by the jury, and that, therefore, plaintiff was barred of any remedy. Plaintiff replied denying all knowledge of such proceedings, or notice to himself, and denying that D. H. Harrison was the owner of the premises.

On the trial below, plaintiff introduced testimony showing the existence of the facts he claimed, and the purchase and possession of the premises by himself prior to the taking possession in *faet* by said village.

The defendant offered in evidence the proceedings of council and probate court, to which plaintiff objected, for the reason that he was not a party to the same, but the court overruled the objection, and received the testimony, and rendered judgment dismissing the action of the plaintiff.

This petition in error is filed to reverse that judgment. It is claimed by plaintiff that the court erred in admitting the record of council and the probate court in said condemnation proceedings, that the judgment is against the law and evidence, and that it should have been for plaintiff. It is claimed by defendant that the record was properly received, and that the judgment in its favor was right, because D. H. Harrison, in whom was the legal title, and who was, in the language of the law, the owner of the premises, was made a party, and that, therefore, the proceedings are a bar to the plaintiff, who at the time of their institution, held only the interest of a mortgagee therein.

This question raises the constitutionality and construction of section 2237 of the Revised Statutes of this state, giving authority to municipal corporations to appropriate private property for public purposes. The statute provides that notice of the time and place of application (to appropriate) shall be given personally, in the ordinary manner of serving legal process, to all the owners, or agents of the owners, of the property sought to be appropriated, etc.

It is to be noticed that the provisions differ very substantially from the proceedings required by the statute in condemnation of property by other corporations.

By sec. 6416, Rev. Stat., *et seq.*, the corporation seeking to appropriate private property, if unable to agree with the owner, may file a petition with the probate judge, describing the property, the interest and use to which it is sought to be appropriated, giving the name of the owner of each tract, if known, and if not known, a statement of that fact, *the names of all persons having or claiming an interest, legal or equitable, in the property*, as far as can be ascertained; and by sec. 6418, on precipe being filed, the probate judge is directed to issue summons, "for the owner" named in the petition, and having an interest. If the person having an interest is unknown, or resides beyond the state, service may be made by publication. And by sec. 6422, "the owners of each separate parcel, right or interest, shall be entitled to a separate trial by jury."

By sec. 6453, "the provisions of this charter shall not apply to proceedings by state, county, township district or municipal authorities to appropriate private property." So that, under the municipal corporations, the only person required to be notified is the "owner" of the property; why the provisions of the general corporation act, so eminently just to protect the interest of every person, should not have been extended to municipal corporations, is not easily understood in the light of the constitutional provision protecting private property from being taken for public use. By the constitution, art. 1, sec. 19, private property shall ever be held inviolate, but subservient to the public welfare, but shall not be taken for the purpose of making and repairing of roads, unless compensation shall be made to the owner in money, and such compensation shall be assessed by a jury.

By sec. 16, all courts shall be open, and every person for an injury done him on his lands, goods, person or reputation, shall have remedy by due course of law. By sec. 5, art. 13, "no right-of-way shall be appropriated to the use of any corporation until full compensation therefore be first made in money, or first secured by a deposit of money to the owner, irrespective of benefit, which compensation shall be ascertained by a jury of twelve men in a court of record, as shall be prescribed by law."

These sections of the fundamental law protect all private property from eing taken for public use, except by proceedings in a court of record, by due

course of law, and compensation assessed by a jury of twelve men, as shall be prescribed by law. The constitution does not execute itself. Before proceedings to appropriate can be had, the legislature must pass suitable laws establishing courts of record. Due course of law means that such course of law shall be enacted as will require, that he whose property is about to be taken, shall have notice of the time and place of hearing, what is sought to be appropriated, and an opportunity to be heard in his own behalf. Any law which seeks to deprive him of his property without such proceedings, is in direct opposition to the letter and spirit of the constitution. McArthur v. Kelly, 5 Ohio, 140; Foote v. Cincinnati, 11 Ohio. 408; Lamb v. Lane, 4 O. S., 167; Watson's Executor v. Trustees, 21 O. S., 667. Grants of power being in derogation of common right, are to be strictly construed, particularly when the power claimed is a delegation of the sovereign power of eminent domain. Currier v. Railroad, 11 O. S., 228.

Before a corporation can demand a judgment of condemnation, it must show that the power has been conferred upon it by a valid law, and that it has substantially complied with the conditions which the law has annexed to the exercise of the power. Atkinson v. Railroad, 15 O. S., 21; Gandolfo v. Walker, 5 *id.* 251, 276.

It is claimed, however, that this plaintiff did not come within the meaning of sec. 2237, in that he was not "the owner" of the property when proceedings to condemn were instituted; that the legal title was in another. That to come within the section he must have been the absolute owner.

And that whatever other rights he may have had, less than that, were not provided for by the law, and he was not entitled to notice. If this narrow construction of the law be the true one, then we have no hesitation in saying that it is unconstitutional, in so far as it affects the right and interest of persons, other than the absolute owner.

But it is the duty of the court, not to declare a law unconstitutional if by any reasonable interpretation its constitutionality can be sustained. We think the law can be sustained by a fair and reasonable interpretation. In considering this, first: What is private property which the law protects against unlawful appropriation? and second: Who is an owner, and what may he own?

Property is defined to be the right and interest which a man has in lands and chattels to the exclusion of others. Bouvier's Law Dictionary, title Property, and cases cited.

This right extends to real estate and personal property of whatever kind; the evidence of a man's rights, the deeds, bills of sale, promissory notes and the like, are equally protected with his lands and chattels, or rights and franchises of any kind; and the certificate of registry, and right to vote, may be properly included in this category. Cooley Const. Limitations, 358 and note; 6 Cold., 243; 5 Nev.. 369.

Who is an owner? He who has dominion of a thing real or personal, corporeal or incorporeal, which he has a right to enjoy and do with as he pleases. Bouv. Law Dict.

Although there can be but one absolute owner of a thing, there may be a qualified ownership of the same thing by many. A bailor has general ownership; a bailee a qualified or special ownership. He who has the fee is an absolute owner, but a lessee, a tenant for life, a dowress in possession, have all been held to come under the head of owner. Each has rights which the law will protect and will not permit to be taken away upon mere notice to the owner of the fee. Railroad v. Com'rs, 1 O. S., 101. The plaintiff in this case is in this sense an owner. He had the conveyance of the estate by way of a pledge for the security of the debt.

The condition of that mortgage was broken before the proceedings to condemn were instituted.

He was entitled to possession, and that right carries with it the right to sue in trespass for an injury to the land. The possession of the mortgagor is not adverse, as the injury to the freehold is beyond the matter of possession of the mortgagor. And whoever be the wrongdoer, he is amenable to the mortgagee for a violation of his rights. Jones on Mortgages, 721; 10 Cush. (Mass.), 99; 2 Me., 387.

When a mortgage is recorded, whoever purchases or deals with the mortgagor in regard to the land, does so subject to the rights of the mortgagee, and no proceeding at law to sell, or dispose of it, can affect the rights of the mortgagee, if he be not a party.

Neither can the power of eminent domain in the state affect him, unless he is a party to the proceedings, and these proceedings be in due course of law.

This has been established in many cases, and so far as we can ascertain, is denied in but one state—Connecticut.

It is laid down in Jones on Mortgages, section 681a, 3rd ed.: "If land, subject to mortgage, be taken in the exercise of the right of eminent domain, as for instance the right of way of a street, or for the location of a railroad track, the *mortgagee* should be made a party to the proceedings for the taking of the land, and the damages awarded should be paid to him; otherwise he may recover the same by action against the person or corporation entering upon the land," and the authorities cited in the note are from New Jersey, Maine, Rhode Island, Minnesota, Wisconsin, Mississippi, and Illinois. The rule was formerly different in Massachusetts, and the compensation assessed to the mortgagor without regard to the mortgagee, as was decided in many cases. But in 1881 this inequitable rule was changed by chapter 110, whereby the damages are assessed to the mortgagor to the extent of his interest, and the balance to the mortgagee. And in Connecticut, where the old Massachusetts rule is held, the court says, 22 Conn., 504: "However reasonable we may believe it to be that a mortgagee should, by a timely notice, have an opportunity of protecting his rights, yet as the law has not permitted it, we cannot require it."

We are of the opinion, therefore, that the proceedings of condemnation were improperly received in evidence, this plaintiff not having been a party to the same, and that upon the the evidence judgment should have been rendered in his favor. The judgment of the common pleas will, therefore, be reversed.

SMITH and SWING, JJ., concurred.

Walker, Slone & Mills, for plaintiff in error.

Morton, for defendant in error.